IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| CS WANG & ASSOCIATE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:16-cv-11223 |
| ) | |
| v. ) | Chief Judge Rebecca R. Pallmeyer |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PETITION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

Plaintiffs CS Wang & Associate and Jay Schmidt Insurance Agency, Inc. (collectively, "Plaintiffs") and Class Counsel petition the Court for an award of attorneys' fees, costs, and incentive awards. In support of this petition, Plaintiffs state as follows:

### I. INTRODUCTION

After years of hard-fought litigation, Plaintiffs and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and First Data Merchant Services, LLC ("First Data") (collectively, the "Wells Fargo Defendants") reached a $28 Million settlement to resolve the claims brought against these defendants. The settlement secured by Class Counsel is the largest amount ever recovered on behalf of a class for claims brought under the California Invasion of Privacy Act ("CIPA"). As a result—even after payment of attorneys' fees and costs, incentive awards, and administration costs—each class member will likely receive hundreds of dollars, if not more.

In recognition for their work and risk in prosecuting this case on behalf of the class, Class Counsel petitions the Court for an award of attorneys' fees in an amount equal to one-third (33.33%) of the Settlement Fund after deducting settlement administration costs and incentive awards. This request is more than fair and reasonable considering the tremendous benefits Class

Counsel secured for the class, the novel and difficult nature of the claims asserted, and the tremendous risks undertaken in prosecuting this lawsuit. The named Plaintiffs have also admirably fulfilled their duties as class representatives, including responding to voluminous discovery and traveling to Chicago for their depositions. For these reasons, Class Counsel respectfully requests the Court to award the requested attorneys' fees and costs, as well as the incentive awards for the named Plaintiffs.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was filed on December 9, 2016 on behalf of a proposed class of small businesses in California who received sales appointment setting calls from International Payment Services, LLC ("IPS") or Ironwood Financial, LLC ("Ironwood"). The lawsuit alleges, among other things, that the Wells Fargo Defendants were in a principal-agent relationship with IPS and that, in the scope of that relationship, IPS violated CIPA by recording telemarketing calls to California businesses without any warning that the recording was occurring. The Wells Fargo Defendants deny any liability and have vigorously defended the suit.[1]

On March 29, 2018, the Court denied several motions to dismiss filed by the various defendants, including the Wells Fargo Defendants. For the past five years, the parties engaged in substantial discovery, including responding to hundreds of written discovery requests, the production of approximately 750,000 documents, conducted depositions and expert discovery, and engaged in motion practice. On September 4, 2020, the Court denied several motions for

---

[1] The lawsuit also alleged that defendants Fifth Third Bank, N. A., Vantiv, Inc., and National Processing Corporation (collectively, the "Vantiv Defendants") similarly had a principal-agent relationship with IPS, as well as with Ironwood. None of the claims asserted with respect to phone calls for which the Vantiv Defendants have potential liability are part of the current settlement. All claims against those defendants will continue to be prosecuted.

judgment on the pleadings filed by the defendants, including the Wells Fargo Defendants. The parties have also fully briefed Plaintiffs' motion for class certification, twice.

After numerous unsuccessful efforts to resolve the case on a global basis, Plaintiffs were able to secure a settlement with the Wells Fargo Defendants in August of 2021. *See* Settlement Agreement, attached as **Ex. A**. As noted above, the Settlement Agreement provides for the creation of a non-reversionary common fund of $28 Million (the "Settlement Fund"). *See* Settlement Agreement at ¶ 1. The settlement contains several provisions designed to increase the claims rate and maximize distribution of the Settlement Fund to the class. For example, the settlement calls for a robust notice plan that includes notice by direct mail, a website, and publication via internet ads. *Id.* at ¶¶ 6-8. There is also an additional claims period if the initial claims rate is insufficient to exhaust the entire Settlement Fund, the automatic reissuance of settlement checks that were not cashed, and an extended period for class members to request re-issuance of settlement checks. *Id.* at ¶¶ 15, 27. Class members have until October 25, 2021 to opt-out of the class or object to the settlement. *Id.* at ¶¶ 18-19.

Pursuant to the Settlement Agreement, the parties retained KCC, LLC (the "Settlement Administrator") to administer the settlement. *Id.* at ¶ 4. The Settlement Administrator implemented the notice plan in accordance with the Settlement Agreement and the Court's Preliminary Approval Order. *See* Declaration of Lana Lucchesi ("Lucchesi Decl.") at ¶¶ 2-13, attached as **Ex. B**. The class includes approximately 192,836 potential members who received approximately 450,121 recorded phone calls during the period covered by the settlement with the Wells Fargo Defendants (*i.e.*, from March 7, 2011 through May 7, 2014). *Id.* at ¶ 8. As of October 4, 2021, 15,223 class members submitted a claim, which collectively cover 37,707 Eligible Calls. *Id.* at ¶ 14. Class members still have several weeks—to November 1, 2021—to

3

submit a claim, although claims will still be accepted if post-marked or submitted online by November 8, 2021. *See* Settlement Agreement at ¶ 3.

As of the date of this filing, Class Counsel has not received a single objection to the settlement, the requested attorneys' fees and costs, or the requested incentive awards. There have also been enough claims submitted to exhaust the entire Settlement Fund and, therefore, no additional claims period is necessary under the Settlement Agreement.

### III. ARGUMENT

A.  **The requested award of attorneys' fees is fair and reasonable given the risks undertaken by Class Counsel, the results achieved, and the customary contingent fee in this Circuit.**

The amount of attorneys' fees requested is fair and reasonable considering the tremendous result achieved, the risk of nonpayment, and the normal rate of compensation Class Counsel likely would have received had they handled a similar suit on a contingent fee basis for a paying client. In common fund cases, "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In other words, "class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 97-cv-7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (quoting *Steinlauf v. Continental Ill. Corp. (In re Continental Ill. Sec. Litig.)*, 962 F.2d 566, 572 (7th Cir.1992)).

"It is not the function of judges in fee litigation to determine the equivalent of the medieval just price," but rather "to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *Will v. Gen. Dynamics Corp.*,

4

06-cv-698, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010). "A customary contingency fee [in this Circuit] would range from 33 1/3% to 40% of the amount recovered." *Retsky*, 2001 WL 1568856, at *4; *see also McDaniel v. Qwest Commc'ns Corp.*, No. CV 05 C 1008, 2011 WL 13257336, at *3-4 (N.D. Ill. Aug. 29, 2011), *aff'd sub nom. Bauer v. Qwest Commc'ns Co.*, LLC, 743 F.3d 221 (7th Cir. 2014) ("As decisions of the Seventh Circuit have confirmed, the real-world market range for contingent fee cases is 33% to 40%."). "Because plaintiffs' attorneys must be able to predict the fee determinations that courts are likely to make years later if they are to undertake lengthy and risky litigation on a contingent fee basis, such benchmarks have particular importance in this area of the law." Reagan W. Silber and Frank E. Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545-46 (1998) (citing a survey of attorneys' fees awarded in class actions, concluding that "[t]he cases mentioned above confirm that a fee of 33% inclusive of costs in a large case is appropriate.").

Here, Class Counsel achieved an excellent result—the largest CIPA settlement ever—while ultimately avoiding the uncertainties and risks of a trial. For five years, Class Counsel dedicated substantial time and incurred considerable out-of-pocket costs—all on a contingency basis—in litigating this case without payment and will continue to expend a significant amount of time and resources throughout the settlement approval and administration process. In fact, due to its breadth and complexity, several of Plaintiffs' lawyers worked almost exclusively on this case for significant periods of time over the past five years. *See* Declaration of Myron M. Cherry ("Cherry Decl.") at ¶¶ 6-8, attached as **Ex. C**; *see also* Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 268-69 (1998) ("There is no doubt that the contingency fee is extremely important for insuring access to the civil justice

system," noting that "a big case can create tremendous incentives but also lead to disastrous outcomes for the lawyer who gambles and loses.").

The attorneys' fees requested by Class Counsel represent one-third (33.33%) of the common fund after deducting settlement administration costs and incentive awards.[2] This amount is fair and reasonable given the nature of the case, the risk of nonpayment, and the normal rate of compensation Class Counsel likely would have received had they handled a similar suit on a contingent fee basis for a paying client. *See* Cherry Decl. at ¶¶ 9-10.

This request is also consistent with the market rate for awarding attorneys' fees in class cases in this Circuit. *See Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 201–02 (N.D. Ill. 2018) ("[A] typical contingency agreement in this circuit might range from 33% to 40% of recovery.") (citing cases); *Young v. Cty. of Cook*, No. 06 C 552, 2017 WL 4164238, at *6 (N.D. Ill. Sept. 20, 2017) ("[A] 33% contingent fee of the total recovery is on the low end of what is typically negotiated *ex ante* by plaintiffs' firms taking on large, complex cases….") (awarding attorneys' fees in the amount of one-third of a $32.5 million fund); *Standard Iron Works v. ArcelorMittal*, No. 08 C 5214, 2014 WL 7781572, at *1 (N.D. Ill. Oct. 22, 2014) ("The Court finds that a 33% fee comports with the prevailing market rate for legal services of similar quality in similar cases.") (awarding $54,087,0000 in attorneys' fees or 33% of $163.9 million settlement fund); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) (awarding attorneys' fees in the amount of one-third of the $250 million common fund); *Will*, 2010 WL 4818174, at *2 ("Where the market for legal services in a class action is only for

---

[2] Final settlement administration costs are estimated to be between $240,023-$288,142. *See* Cherry Decl. at ¶ 12. The higher figure ($288,142) was deducted from the Settlement Fund for purposes of calculating the attorneys' fee requested by Class Counsel. Thus, the amount of attorneys' fees requested by Class Counsel ($9,233,952) is calculated as follows: $28,000,000 less $288,142 in administration costs, less $10,000 in incentive awards = $27,701,858. One-third of $27,701,858 = $9,233,952.

contingency fee agreements … 'the normal rate of compensation in the market' is '33.33% of the common fund recovered.'").

For these reasons, the attorneys' fees requested by Class Counsel should be approved.

**B.     The costs incurred by Class Counsel were reasonable and necessary and should be approved.**

The costs incurred by Class Counsel were also reasonable and necessary, the most significant amount of which was for the electronic hosting of defendants' document production, travel and deposition costs, legal research costs, and copying costs. *See* Cherry Decl. at ¶ 11. All of these costs were necessary to properly prosecute this action, manage and review the voluminous document production, respond to numerous dispositive motions, and for trial preparation. Accordingly, the Court should also approve the reimbursement of $83,191.45 in costs.

**C.     The proposed incentive awards are fair and reasonable and should be approved.**

The proposed incentive awards of $5,000 each to Plaintiffs CS Wang & Associate and Jay Schmidt Insurance Agency, Inc. are fair and reasonable and should also be approved. Both Plaintiffs took the initiative to be named in the lawsuit and stayed actively involved in the litigation for several years, including responding to discovery, traveling to Chicago for their depositions, routinely communicating with Class Counsel, and reviewing pleadings and other case materials. *See* Cherry Decl. at ¶ 13. The requested incentive awards are also less than what courts typically award in class cases. *See In re Sw. Airlines Voucher Litig.*, No. 11-cv-8176, 2013 WL 4510197, *11 (N.D. Ill. Aug. 26, 2013) *aff'd as modified*, 799 F.3d 701 (7th Cir. 2015) ("Awards of $15,000 for each plaintiff are well within the ranges that are typically awarded in comparable cases."). The incentive awards, therefore, should also be approved.

**WHEREFORE,** Plaintiffs respectfully request the Court to award Class Counsel attorneys' fees in the amount of $9,233,952 and costs in the amount of $83,191.45, and incentive awards of $5,000 each to Plaintiffs CS Wang & Associate and Jay Schmidt Insurance Agency, Inc.

Dated: October 4, 2021

                                                Respectfully submitted,

                                        By:     /s/ Jacie C. Zolna
                                                  One of Plaintiffs' Attorneys

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Benjamin R. Swetland
bswetland@cherry-law.com
Jeremiah W. Nixon
jnixon@cherry-law.com
Jessica C. Chavin
jchavin@cherry-law.com
MYRON M. CHERRY & ASSOCIATES, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Phone: (312) 372-2100
Facsimile: (312) 853-0279
***Attorneys for Plaintiffs and the Classes***

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that he served the foregoing **Petition for Attorneys' Fees, Costs, and Incentive Awards** upon:

Anthony C. Porcelli
aporcelli@polsinelli.com
Claire E. Brennan
cbrennan@polsinelli.com
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606

John W. Peterson
john.peterson@polsinelli.com
POLSINELLI PC
401 Commerce Street, Suite 900
Nashville, Tennessee 37219

Matthew S. Knoop
mknoop@polsinelli.com
Joseph C. Sharp
jsharp@polsinelli.com
POLSINELLI PC
1201 W. Peachtree Street NW, Suite 1100
Atlanta, Georgia 30309

Mark A. Olthoff
molthoff@polsinelli.com
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

John H. Mathias
jmathias@jenner.com
Megan B. Poetzel
mpoetzel@jenner.com
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654

John Touhy
jtouhy@bakerlaw.com
Kiley Keefe
kkeefe@bakerlaw.com
Melissa M. Hewitt
mhewitt@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606

Carrie Dettmer Slye
cdettmerslye@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202

James R. Figliulo
jfigliulo@fslegal.com
Peter A. Silverman
psilverman@fslegal.com
Rebecca Rejeanne Kaiser
rfournier@fslegal.com
Thomas Daniel Warman
twarman@fslegal.com
FIGLIULO & SILVERMAN
10 South LaSalle Street, Suite 3600
Chicago, Illinois 60603

Charles M. Merkel, Jr.
cmerkel@merkel-cocke.com
Charles M. Merkel, III
cmerkel3@merkel-cocke.com
MERKEL & COCKE, P.A.
P.O. Box 1388
Clarksdale, Mississippi 38614

via the electronic filing system, on the 4th day of October, 2021.

_____/s/ Jacie C. Zolna_____