## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CS WANG & ASSOCIATE, et al., | ) | |
| | ) | Case No. 16 cv 11223 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### VANTIV DEFENDANTS' SUR-REPLY TO ADDRESS PLAINTIFFS' FALSE AND IRRELEVANT STATEMENTS REGARDING SETTLEMENT

In its September 30, 2021 Minute Order, this Court directed the parties "to inform the court of any developments in the bankruptcy proceeding that could affect this court's decision on class certification." (Doc. 619). The Vantiv Defendants did exactly that in their October 14 Response brief. (Doc. 629). Plaintiffs, however, chose to do something else in their October 15 Reply: include a declaration by one of their lawyers falsely recounting settlement discussions between him and one of the Vantiv Defendants' attorneys. (*See* Doc 633, Ex. C ("Decl.")). This Court should disregard that declaration in its entirety and ignore all portions of Plaintiffs' Reply that refer to it.

Let there be no mistake, the statements in Plaintiffs' attorney's declaration describing comments allegedly made during settlement discussions by the attorney for the Vantiv Defendants are false and wildly inaccurate. To be sure, the parties have had confidential settlement discussions over the last months, and in recent weeks there have been quite a few. Nevertheless, it is improper for Plaintiffs to use those settlement discussions to obtain some sort of advantage in this lawsuit. The issue this Court asked the parties to address is the impact of Ironwood's bankruptcy on this

case; Plaintiffs' use and disclosure of confidential settlement discussions serves no legitimate purpose in such an analysis.

Under Rule 408 of the Federal Rules of Evidence, settlement discussions are inadmissible. *See, e.g.*, *Davis v. Rowe*, No. 91 C 2254, 1993 WL 34867, at *5 (N.D. Ill. Feb. 10, 1993) (citing *Bradbury v. Phillips Petrol. Co.*, 815 F.2d 1356, 1364 (10th Cir.1987) ("the better practice is to exclude evidence of compromises or compromise offers."); *Sternberger v. United States*, 401 F.2d 1012, 1018 (Ct. Cl.1968) ("An offer in settlement is ordinarily not admissible, for it is deemed to be an indication only of a desire for peace and not an admission."). The limited exceptions to the rule do not apply here.  *See* FED. R. EVID. 408(b) (providing limited exceptions for "another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). Plaintiffs cite to no case suggesting otherwise.

In a footnote, Plaintiffs claim that their use of a declaration detailing "communications"— choosing not to even identify them as settlement discussions—"does not run afoul of FRE 408". (*See* Doc. 633 at 3, n.1). Plaintiffs cited two cases. Yet, in neither of them did a court admit settlement discussions. (*See* Doc. 633 at 3, n.1). In one of the cases there is no mention of FRE 408; in the other the court denied a request to even allow inquiry into settlement discussions though one plaintiff's attorney accused another plaintiff's attorney of colluding with defendant in a settlement. *See Mars Steel Corp. v. Continental Illinois Nat. Bank & Tr. Co. of Chicago*, 834 F.2d 677 (7th Cir.1987), and *In re Gen. Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.1979), respectively.  Neither of the plaintiffs' cases are remotely similar to the present one: both were analyzing a settlement of a class action in light of objections that the settlement

was unfair and allegations that the class counsel was inadequate. Those cases do not permit Plaintiffs to do what they are trying to do here.

To avoid an inquiry into Rule 408 altogether, Plaintiffs' attorneys carefully drafted a declaration avoiding use of the word "settlement," apparently believing that if the word isn't used, they could circumvent Rule 408. But they are trapped by their own words. In his declaration, Plaintiffs' lawyer refers to an email he sent to the Vantiv Defendants' lawyer on October 1, 2021, immediately after one settlement discussion and in the middle of ongoing settlement conversations. (*See* Decl. ¶ 4). Yet, he suspiciously chose not to attach that email. The subject line of his email states: "**Follow up to our call - Rule 408 settlement communication**". Plaintiffs' lawyer went further and titled his own email: "**Rule 408 Communication – Confidential**" (emphasis added). A properly redacted copy of the email is attached as Exhibit A. There is no doubt that the discussions between the two lawyers were for purposes of settlement, and, as such, are inadmissible. This Court should disregard the declaration in its entirety.

The simple fact is that the Ironwood bankruptcy will continue to have an impact on this case until it is resolved, or the stay is lifted, as the Vantiv Defendants explained in their Response brief. (Doc. 629). We respectfully request that this Court reject Plaintiffs' attempts to divert the Court's attention from that issue by submitting a false declaration and violating the Federal Rules of Evidence.

Dated: October 21, 2021                   Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ John M. Touhy
John M. Touhy
Kiley C. Keefe
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 416-6200
jtouhy@bakerlaw.com
kkeefe@bakerlaw.com

Paul G. Karlsgodt
1801 California Street
Suite 4400
Denver, CO 80202
(303) 764-4013
pkarlsgodt@bakerlaw.com

Carrie Dettmer Slye
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
cdettmerslye@bakerlaw.com

*Attorneys for Defendants*
*Fifth Third Bank, Vantiv, Inc. and*
*National Processing Company*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 21, 2021, he caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *John M. Touhy*
John M. Touhy