**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SAT NARAYAN d/b/a EXPRESS HAULING,** *et al.***,** | **Case No. 1:16-cv-11223** |
| **Plaintiffs,** | **Judge Rebecca R. Pallmeyer** |
| **v.** | |
| **FIFTH THIRD BANK, N.A.,** *et al.***,** | |
| **Defendants**. | |

**ORDER GRANTING PRELIMINARY
<u>APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Plaintiffs Sat Narayan d/b/a Express Hauling, Robert Meyer d/b/a Mangia Nosh, and Taysir Tayeh d/b/a Chief's Market (collectively, "Plaintiffs") and Defendants Fifth Third Bank, National Association, including its affiliates and subsidiaries (collectively, "Fifth Third"), Vantiv, Inc. and Worldpay, Inc., n/k/a Worldpay LLC ("Vantiv"), and National Processing Company n/k/a Worldpay ISO, Inc. ("NPC") (collectively, the "Fifth Third/Vantiv Defendants"), having appeared before the Court for a hearing on preliminary approval of the class action settlement in the above-captioned matter with respect to the claims asserted against the Fifth Third/Vantiv Defendants, the Court having reviewed the Motion for Preliminary Approval of Class Action Settlement (the "Motion"), as well as the parties' presentation at the hearing on preliminary approval and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      The Motion for Preliminary Approval of Class Action Settlement (Dkt. 671) is **GRANTED**. The Court hereby preliminarily approves the Settlement Agreement in its entirety

subject to the Final Approval Hearing, certifies the Settlement Class, appoints Settlement Class Counsel and the Settlement Class Representatives, and approves the Notice plan.

2.     The Motion attaches a Settlement Agreement (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of claims, on a class-wide basis, against the Fifth Third/Vantiv Defendants.  Capitalized terms and phrases that are not defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

3.     The Court finds that Plaintiffs and the Fifth Third/Vantiv Defendants (collectively, the "Settling Parties") and their counsel are familiar with the claims being settled and the defenses asserted and have had the opportunity to conduct, and have conducted, extensive investigation and discovery relating to the claims alleged in the lawsuit, including propounding and responding to written discovery, inspection and review of documents, and conducting and defending depositions.

4.     The Court finds that the Settling Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the lawsuit. The Court further finds that the Settling Parties have each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either party.

5.     In deciding whether to grant preliminary approval of this class action settlement, the Court has considered, among other things, (i) the strength of Plaintiffs' case compared to the terms of the proposed settlement, (ii) the complexity, length, and expense of continued litigation, (iii) the amount of opposition to settlement and the reaction of members of the class to the

settlement, (iv) the opinion of competent counsel, and (v) the stage of the proceedings and the amount of discovery completed.

6. For purposes of settlement only, the Court certifies the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All call recipients that received a telephone call to a California telephone number from an employee, agent, or other representative of, or from a call center operated by, International Payment Services, LLC or Ironwood Financial, LLC, or one of their affiliates, between May 8, 2014 and July 29, 2016, who appeared on a lead list maintained by International Payment Services, LLC or Ironwood Financial, LLC, while the call recipient was physically present in California.

Excluded from the Settlement Class are (i) the Judge and Magistrate Judge presiding over this Lawsuit and members of their immediate families, and (ii) the Fifth Third/Vantiv Defendants and their employees, subsidiaries, parent companies, successors, and predecessors.

7. With respect to the Settlement Class, the Court finds, for purposes of settlement only, that:

    a. the members of the Settlement Class are so numerous that joinder of all class members would be impracticable;

    b. there are questions of law and fact common to the Settlement Class Members;

    c. the claims of the Plaintiffs are typical of the claims of the Settlement Class Members;

    d. Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class Members;

    e. questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and

f.   a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.   For settlement purposes only, the Court appoints Sat Narayan d/b/a Express Hauling, Robert Meyer d/b/a Mangia Nosh, and Taysir Tayeh d/b/a Chief's Market as representatives of the Settlement Class (the "Settlement Class Representatives") and Myron M. Cherry, Jacie C. Zolna, and Benjamin R. Swetland as class counsel for the settlement class (the "Settlement Class Counsel").

9.   The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate, is within the range of possible final judicial approval under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class.  The Court finds that the settlement resulted from arm's-length negotiations conducted without collusion and in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and is not a finding or admission of liability by the Fifth Third/Vantiv Defendants or any other parties.  The Settlement Agreement, and the settlement contemplated therein, is hereby preliminarily approved.  The Court approves the Notice plan as set forth in the Settlement Agreement, as well as the form of the Notice and Claim Form attached thereto as Exhibits 1 and 2.  The Court finds that the Notice provides a sufficiently clear and concise description of the lawsuit, the definition of the class certified, the benefits and other terms

4

of the settlement, how to be excluded from the class or object to the settlement, and how Settlement Class Members' legal rights are affected by remaining in or opting out of the class. The Court further finds that the method of providing notice by direct mail, publication of the Settlement Website, and internet Publication Notice as set forth in the Settlement Agreement is the best means practicable under the circumstances. The Court also finds that the Notice fully complies with the Federal Rules of Civil Procedure and satisfies the requirements of due process and other applicable law, such that the terms of the Settlement Agreement, and this Court's final judgment, will be binding on all Settlement Class Members. The Settling Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court approves the appointment of KCC, LLC as Settlement Administrator under the Settlement Agreement. The Settlement Administrator shall cause the Notice plan to be completed in accordance with the Settlement Agreement. Settlement Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the completion of the Notice plan.

11. Members of the Settlement Class who wish to exclude themselves from the Settlement Class may do so if, on or before the Opt-Out Deadline of May 23, 2022, they comply with the exclusion/opt-out procedures set forth in the Settlement Agreement and Notice. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits. Any Settlement Class Members who do not timely and validly request exclusion will be bound by all terms of the Settlement Agreement and by the Final Approval Order and judgment.

12.     To be valid, an Opt-Out Election must be in writing, must be mailed to the Settlement Administrator at the address specified in the Notice, must be postmarked on or before the Opt-Out Deadline, and must state: (i) the name and case number of the Lawsuit: *Sat Narayan d/b/a Express Hauling, et al. v. Fifth Third Bank, et al.*, Case No. 1:16-cv-11223; (ii) the full name, address, telephone number, and email address of the Settlement Class Member electing exclusion; (iii) a statement that the Settlement Class Member elects to be excluded from the Lawsuit and elects not to participate in the settlement; (iv) the full name, title, business address, business telephone number, and business email address of the person submitting the written election for the Settlement Class Member; and (v) a representation that the person submitting the written election has the authority to do so on behalf of the Settlement Class Member.  An Opt-Out Election that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person or business making such a request shall be deemed to remain a Settlement Class Member and shall be bound as s Settlement Class Member by the Settlement Agreement, if approved.  No person or business may request to be excluded from the Settlement Agreement through "mass" or "class" opt-outs.

13.     Any Settlement Class Member who has not submitted a timely Opt-Out Election may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to the attorneys' fees and costs requested by Settlement Class Counsel, or the requested incentive awards to the Settlement Class Representatives as set forth in the Settlement Agreement and Notice. Settlement Class Members who choose to object do so at their own expense.

14.     To object, Settlement Class Members must, on or before the Objection Deadline of May 23, 2022, file a written objection with the Court and serve a copy of the objection on

Settlement Class Counsel and counsel for the Fifth Third/Vantiv Defendants as indicated in the Notice. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and notice, and must include: (i) the name and case number of the Lawsuit: *Sat Narayan d/b/a Express Hauling, et al. v. Fifth Third Bank, et al.*, Case No. 1:16-cv-11223; (ii) the Settlement Class Member's name, address, telephone number, and email address; (iii) the full name, title, business address, business telephone number, and business email address of the person submitting the objection for the Settlement Class Member; (iv) a representation that the person submitting the objection has the authority to do so on behalf of the Settlement Class Member; (v) a statement of each objection and the relief that the Settlement Class Member is requesting; and (vi) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing.

15. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement Agreement and/or the request for attorneys' fees and costs and/or the request for incentive awards to the Settlement Class Representatives will be heard unless that Settlement Class Member has filed a valid and timely written objection as set forth above. No non-party, including members of the Settlement Class who have validly and timely opted-out of the Settlement Agreement, will be heard at the Final Approval Hearing.

16. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements set forth above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement.

17. The Court finds that the proposed incentive awards of $5,000 each to Plaintiffs Sat Narayan d/b/a Express Hauling, Robert Meyer d/b/a Mangia Nosh, and Taysir Tayeh d/b/a Chief's

Market are preliminarily approved. The Court finds that Settlement Class Counsel's request for an award of attorneys' fees in the amount of one-third of the Settlement Fund after deducting incentive awards and settlement administration costs is preliminarily approved. The Court finds that Settlement Class Counsel's request for reimbursement of costs in the amount of $340,000-$360,000 is preliminarily approved.

18.     The Court directs the Plaintiffs and the Fifth Third/Vantiv Defendants to perform their duties set forth in the Settlement Agreement, including causing the Settlement Administrator to disseminate the Notice and administer the claims process.

19.     In the event this Court does not finally approve the Settlement Agreement, or the Settlement Agreement is terminated, set aside or deemed or declared null and void *ab initio* for any other reason, then: (i) any and all rights of the Settling Parties existing prior to the execution of the Settlement Agreement, including, but not limited to, Plaintiffs' right to seek and the Fifth Third/Vantiv Defendants' right to oppose class certification in the lawsuit, shall be preserved, and the suit shall proceed in all respects as if the Settlement Agreement had not been entered; (ii) this Order and any other orders related to the Settlement Agreement shall be vacated and of no further force or effect whatsoever, as if they had never been entered; (iii) none of the terms of the Settlement Agreement shall be admissible in any way or otherwise used against any Settling Party, except to enforce the terms thereof that relate to the Settling Parties' obligations in the event of termination. The Fifth Third/Vantiv Defendants shall have no right of reimbursement from any person, including Plaintiffs and Settlement Class Counsel, for any settlement administration costs incurred.

20.     The Final Approval Hearing shall be held before this Court on August 4, 2022 at 9:30 a.m. to determine: (i) whether the proposed settlement of the claims against the Fifth

Third/Vantiv Defendants in the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (ii) whether a judgment and order of dismissal of the claims against the Fifth Third/Vantiv Defendants with prejudice should be entered; (iii) whether to finally approve the payment of attorneys' fees and expenses to Settlement Class Counsel; and (iv) whether to approve the payment of an incentive award to the Settlement Class Representatives. The Court may postpone, adjourn, or continue the Final Approval Hearing without further notice to the Settlement Class Members.

21. The deadlines preceding the Final Approval Hearing relating to the Settlement Agreement are as follows:

a. On or before April 4, 2022, the Settlement Administrator shall mail the Notice and Claim Form to Settlement Class members covered by the settlement in accordance with the Settlement Agreement.

b. Any objections by Settlement Class Members to the settlement must be filed and served no later than May 23, 2022.

c. Requests by Settlement Class Members to opt-out of the class and settlement must be postmarked no later than May 23, 2022.

d. On or before June 27, 2022, Plaintiffs shall file their motion for final approval of the settlement. Plaintiffs shall include in their motion a list of all Settlement Class Members who elected to opt-out of the settlement.

e. On or before July 8, 2022, Settlement Class Counsel shall file their petition for attorneys' fees and costs.

f. All other dates and deadlines set forth in the Settlement Agreement are preliminarily approved.

22.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

Dated:  March 15, 2022

_____
Hon. Rebecca R. Pallmeyer
United States District Court Judge