IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| SAT NARAYAN d/b/a ) <br> EXPRESS HAULING, *et al.*, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> FIFTH THIRD BANK, *et al.*, ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 1:16-cv-11223 <br><br> Chief Judge Rebecca R. Pallmeyer |

**ORDER GRANTING FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT AND DISMISSAL OF LAWSUIT</u>**

Plaintiffs Sat Narayan d/b/a Express Hauling, Robert Meyer d/b/a Mangia Nosh, and Taysir Tayeh d/b/a Chief's Market (collectively, "Plaintiffs") and Defendants Fifth Third Bank, National Association ("Fifth Third"), Vantiv, Inc. n/k/a/ Worldpay, Inc. ("Vantiv"), and National Processing Company n/k/a Worldpay ISO, Inc. ("NPC") (collectively, the "Fifth Third/Vantiv Defendants"), having appeared before the Court for a hearing on final approval of the class action settlement in the above-captioned matter with respect to the claims asserted against the Fifth Third/Vantiv Defendants, the Court having reviewed the Motion for Final Approval of Class Action Settlement (Dkt. 682), Plaintiffs' Petition for Attorneys' Fees, Costs, and Incentive Awards (Dkt. 678), and Plaintiffs' Motion to Supplement Their Petition for Attorneys' Fees, Costs, and Incentive Awards (Dkt. 683), and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.     The Motion for Final Approval of Class Action Settlement (Dkt. 682) is **GRANTED**. The settlement of this matter as it pertains to claims asserted against the Fifth Third/Vantiv Defendants is granted final approval.

2. The Final Approval Motion attaches the Settlement Agreement that, together with the exhibits thereto, sets forth the terms and conditions for a settlement of claims, on a class-wide basis, against the Fifth Third/Vantiv Defendants. Capitalized terms and phrases that are not defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

3. On March 15, 2022, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of:

> All call recipients that received a telephone call to a California telephone number from an employee, agent, or other representative of, or from a call center operated by, International Payment Services, LLC or Ironwood Financial, LLC, or one of their affiliates, between May 8, 2014 and July 29, 2016, who appeared on a lead list maintained by International Payment Services, LLC or Ironwood Financial, LLC, while the call recipient was physically present in California.[1]

(Dkt. 672)

4. This Court has jurisdiction over Plaintiffs, the Fifth Third/Vantiv Defendants, and all members of the Settlement Class. The Court has jurisdiction over the claims and the subject matter of this Lawsuit pursuant to 28 U.S.C. § 1332(d).

5. The Court finds that Plaintiffs and the Fifth Third/Vantiv Defendants and their counsel are familiar with the claims being settled and the defenses asserted and have had the opportunity to conduct, and have conducted, extensive investigation and discovery relating to the claims alleged in the Lawsuit, including propounding and responding to written discovery,

---

[1] Excluded from the Settlement Class are (i) the Judge and the Magistrate Judge presiding over this Lawsuit and members of their immediate families, and (ii) the Fifth Third/Vantiv Defendants and their employees, subsidiaries, parent companies, successors, and predecessors. Also excluded from the Settlement Class are those businesses that would otherwise be members of the Settlement Class but who validly and timely requested exclusion in accordance with the Settlement Agreement and the requirements set by the Court.

inspection and review of documents, and conducting and defending depositions.

6. The Court finds that Plaintiffs and the Fifth Third/Vantiv Defendants and their counsel have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Lawsuit. The Court further finds that Plaintiffs and the Fifth Third/Vantiv Defendants have each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either party.

7. The Court finds that the settlement was the product of extensive arm's length negotiations conducted in good faith, including a mediation on February 26, 2021, before the Honorable Layn R. Phillips (ret.). The Court finds no evidence of collusion amongst the Plaintiffs and the Fifth Third/Vantiv Defendants in reaching the settlement. The settlement is supported by the Plaintiffs and Settlement Class Counsel. The Plaintiffs and Settlement Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8. The notice sent to the Settlement Class via direct first class mail at each Settlement Class Member's last known address, publication of the Settlement Website, and internet Publication Notice as set forth in the Settlement Agreement adequately informed Settlement Class Members of the nature of the action, the terms of the Settlement Agreement, their right to request exclusion from the settlement, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding approval of the Settlement Agreement. The Court finds that the method and form of notice to the class was the best notice practicable under the circumstances and satisfied the requirements of Rule

23(c)(2)(B) and Rule 23(e)(1) and due process.

9. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of this notice and finds that it complied with all applicable requirements of CAFA. As required by CAFA, more than ninety (90) days have elapsed between the date notice was provided pursuant to CAFA and the final approval hearing.

10. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable, and adequate. "[W]hen conducting a fairness determination relevant factors include: '(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.'" *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (citing *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir.1982)). Each of these factors favors approval of the settlement reached here and supports the Court's finding that the settlement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members:

    a. **The strength of Plaintiffs' case compared to the terms of the proposed settlement:** The Fifth Third/Vantiv Defendants vigorously disputed the merits of Plaintiffs' claims on a number of grounds. Among other things, the Fifth Third/Vantiv Defendants have maintained that they had no principal-agent relationship with International Payment Services, LLC ("IPS") or Ironwood Financial, LLC ("Ironwood") and, even if there were such a relationship, that IPS and

Ironwood acted outside the scope of its authority when it recorded appointment-setting phone calls. Whether these complex issues would have been decided at summary judgment or at trial, they were far from certain for either side. The Fifth Third/Vantiv Defendants have also raised a number of other defenses to the claims asserted against them, the resolution of which also remain uncertain. Ironwood also filed for bankruptcy and the Fifth Third/Vantiv Defendants sought to extend the automatic stay to them in this case. They also intended to file their own plan in the bankruptcy case under which the class claims would have been extinguished in those proceedings. The amount of the settlement, on the other hand, provides a substantial recovery and is larger than any prior settlement of a class action lawsuit brought under the California Invasion of Privacy Act ("CIPA"). For these reasons, the consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The first factor, therefore, clearly weighs in favor of final approval of the settlement.

b. **The likely complexity, length, and expense of continued litigation:** Trying this class action lawsuit to conclusion would have been a complex, lengthy, and expensive endeavor. Moreover, appeals almost certainly would have followed any judgment. The second factor, therefore, clearly favors final approval of the settlement.

c. **The amount of opposition to settlement and the reaction of class members:** There was virtually no opposition to the settlement amongst Settlement Class Members. Of the approximately 307,954 potential class members, none objected to the settlement and only 19 elected to opt-out. 32,682 class members, on

the other hand, submitted a claim to participate in the settlement. The class members' reaction to the settlement, and the lack of opposition thereto, favors final approval.

      **d.**      **The settlement is supported by the opinion of competent counsel:** In connection with the fifth factor the Court has reviewed the declaration of Myron M. Cherry, a lawyer with over 50 years of experience in complex and class action litigation. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586-87 (N.D. Ill. 2011) (concluding that class counsel's opinion that settlement was fair supported approval of the proposed settlement where counsel had extensive experience in class actions and complex litigation); *Vought v. Bank of Am., N.A.*, 901 F. Supp. 2d 1071, 1096 (C.D. Ill. 2012) (considering declarations of class counsel expressing their opinions that the proposed settlement was fair, reasonable and adequate). The Court finds that Mr. Cherry's declaration supports the Court's conclusion that the proposed settlement is fair, reasonable, and adequate, and provides substantial and meaningful relief to the Settlement Class.

      **e.**      **The stage of the proceedings and the amount of discovery completed at the time of settlement:** The stage of the proceedings and amount of discovery completed at the time of the settlement clearly weigh in favor of final approval. The case settled only after the parties engaged in substantial discovery and litigated and obtained rulings from the Court on several substantive and potentially dispositive issues in the case. The docket alone has over 680 entries thus far. The Court ruled on the Fifth Third/Vantiv Defendants' motion to dismiss and motion for judgment on the pleadings. The parties also fully and extensively briefed Plaintiffs' motion for class certification. Due to the extensive investigation and discovery that occurred, as well

6

as receiving a number of substantive rulings from the Court, the parties were in position to fully assess the strengths and weaknesses of the claims and defenses in negotiating this settlement. Accordingly, this factor favors approval of the settlement as well.

11. The Court directs Plaintiffs and the Fifth Third/Vantiv Defendants to perform their duties set forth in the Settlement Agreement, including, but not limited to, causing the Settlement Administrator to issue settlement checks to Settlement Class Members who submitted valid and timely claims. The Settlement Class Members and the Fifth Third/Vantiv Defendants are bound by the terms and conditions of the Settlement Agreement and this Order.

13. Plaintiffs' Petition for Attorneys' Fees, Costs, and Incentive Awards (Dkt. 678) and Plaintiffs' Motion to Supplement Their Petition for Attorneys' Fees, Costs, and Incentive Awards (Dkt. 683) are **GRANTED**. The Court finds the requested attorneys' fees are fair and reasonable considering the value of the settlement, the benefits conferred on the class, the risks undertaken by Settlement Class Counsel, Settlement Class Counsel's knowledge and experience, and the normal rate of compensation class counsel likely would have received had they handled a similar suit on a contingent fee basis for a paying client. In common fund cases, "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). "[A] typical contingency agreement in this circuit might range from 33% to 40% of recovery." *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 201–02 (N.D. Ill. 2018) (citing cases). Here, Settlement Class Counsel seeks an award of attorneys' fees in an amount of one-third of the Settlement Fund after deducting incentive awards and settlement administration costs. This request is consistent with the market rate for awarding attorneys' fees

in class cases in this Circuit. *Id.*; *see also Young v. Cty. of Cook*, No. 06 C 552, 2017 WL 4164238, at *6 (N.D. Ill. Sept. 20, 2017) ("[A] 33% contingent fee of the total recovery is on the low end of what is typically negotiated *ex ante* by plaintiffs' firms taking on large, complex cases….") (awarding attorneys' fees in the amount of one-third of the $32.5 million fund); *Standard Iron Works v. ArcelorMittal*, No. 08 C 5214, 2014 WL 7781572, at *1 (N.D. Ill. Oct. 22, 2014) ("The Court finds that a 33% fee comports with the prevailing market rate for legal services of similar quality in similar cases.") (awarding attorneys' fees in the amount of 33% of $163.9 million settlement fund); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 97-cv-7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33 1/3% to 40% of the amount recovered."); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) (awarding attorneys' fees in the amount of one-third of the $250 million common fund); *Will v. Gen. Dynamics Corp.*, 06-cv-698, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010) ("Where the market for legal services in a class action is only for contingency fee agreements … 'the normal rate of compensation in the market' is '33.33% of the common fund recovered.'"). The Court, therefore, approves attorneys' fees to Settlement Class Counsel in the amount of $16,397,935.90, which shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

14. Settlement Class Counsel also seeks reimbursement of costs in the amount of $352,616.23, the most significant amount of which was for the electronic hosting of the document production, deposition transcripts, legal research costs, and copying costs. All these costs were necessary to properly prosecute this action, manage and review the voluminous document production, and to respond to numerous dispositive motions. The Court finds that the costs incurred by Settlement Class Counsel were reasonable and necessary. The Court, therefore,

approves costs to Settlement Class Counsel in the amount of $352,616.23, which shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

15. The Court finds that the requested incentive awards of $5,000 each to Plaintiffs Sat Narayan d/b/a Express Hauling, Robert Meyer d/b/a Mangia Nosh, and Taysir Tayeh d/b/a Chief's Market are fair and reasonable and are approved, which amounts shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

16. The Court finds that the businesses identified in Exhibit 1 attached hereto validly and timely requested exclusion from the Settlement Class in accordance with the Settlement Agreement and the requirements set by the Court and, therefore, are not part of the Settlement Class and are not bound by the Settlement Agreement or this Order.

17. The Court hereby dismisses all claims against the Fifth Third/Vantiv Defendants, Ironwood Financial, LLC, John Lewis, and Dewitt Lovelace released in the Settlement Agreement with prejudice and without awarding costs to any of the Plaintiffs, the Fifth Third/Vantiv Defendants, or the Settlement Class Members (each a "Settling Party," and collectively, the "Settling Parties") as against any other Settling Party, except as provided above and in the Settlement Agreement. Other than as provided in the Settlement Agreement and this Order, the Settling Parties shall bear their own costs and attorneys' fees.

18. The Court orders that, upon entry of this Order, all Plaintiffs and Settlement Class Members shall have released and discharged the Released Parties from the Released Claims, as provided in Paragraph 21 of the Settlement Agreement.

19. Pursuant to the Paragraph 28 of the Settlement Agreement, the Fifth Third/Vantiv Defendants timely elected to extend the Release to Ironwood Financial, LLC, John Lewis, and Dewitt Lovelace. Accordingly, the Release and Released Claims in the Settlement Agreement

extend to and include Settlement Class Members' claims against Ironwood Financial, LLC, John Lewis, and Dewitt Lovelace.

20. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in any capacity (as class members or otherwise) in any lawsuit or other action in any jurisdiction asserting claims based on the Released Claims, or seeking an award of fees or costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Lawsuit as it relates to the Released Claims and/or as a result of or in addition to those provided by the Settlement Agreement as it relates to the Released Claims.

21. The terms of the Settlement Agreement and this Order shall have maximum *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses that were or could have been asserted in the Lawsuit as it relates to the Released Claims or that are covered by the releases contained in the Settlement Agreement.

22. For the avoidance of doubt, this Order does not bar or enjoin claims, nor does it operate as *res judicata*, collateral estoppel, or as having any other preclusive effect on claims, based on telephone calls other than Eligible Calls, by any Settlement Class Members against International Payment Services, LLC, Brian Bentley, Adam Bentley, or Andrew Bentley.

23. The Plaintiffs and the Fifth Third/Vantiv Defendants may, without further approval from the Court, agree to and adopt such amendments or modifications of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgment, and (ii) do not limit the rights of Settlement Class

10

Members.

24. The Court grants final approval of the settlement in all respects. The claims in this action asserted against the Fifth Third/Vantiv Defendants, Ironwood Financial, LLC, John Lewis, and Dewitt Lovelace are dismissed on the merits and with prejudice.

25. This Order is a final and appealable judgment as to the Fifth Third/Vantiv Defendants, Ironwood Financial, LLC, John Lewis, and Dewitt Lovelace, and the claims asserted against them, and the Court expressly determines pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of a final and appealable judgment with respect to all claims asserted against these defendants.

26. All persons or entities who have not made their objections to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

27. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matter related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose including the distribution of any remaining funds as a *cy pres* award as provided in the Settlement Agreement.

28. This Order, the Settlement Agreement, the settlement that it reflects, and all acts, statements, documents, or proceedings relating to the settlement are not, and shall not be construed as or used as an admission by or against the Fifth Third/Vantiv Defendants of any fault, wrongdoing, or liability on the part of the Fifth Third/Vantiv Defendants, or of the validity or certifiability for litigation of any claim or the existence of any amount of damages.

29. In the event that the Settlement Agreement does not become effective in

accordance with its terms, or the Final Settlement Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated.

30. The Clerk is directed to enter final judgment consistent with this Order.

Dated: August 4, 2022

_____
Hon. Rebecca R. Pallmeyer
United States District Court Judge

**Exhibit 1**
(Businesses that validly and timely opted out of the Settlement Class)

1) AAA Mobile Blinds
2) Ablecom Telephone
3) Barnes Hypnotherapy
4) Baumann Engineering
5) Blair Aquatics Swim School
6) Campus Auto Care
7) Captions, Inc.
8) Doors on Demand
9) Excellent Painting
10) Interiors by O'Donnell
11) Jimmie D. Foster Grading, Inc.
12) Lester W. Grover
13) Links at Summerly
14) Nivelco USA, LLC
15) Personal Financial SVC
16) Prestige Carpet & Tile Cleaning
17) Postal Annex
18) Royal Village Art Studio
19) Valerio Family Child Care